IN THE SUPREME COURT OF THE STATE OF NEVADA

RH KIDS, LLC,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST 2005-
30CB, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-30CB,
Respondent.

No. 76379

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's agent tendered $914.60 to Nevada Association Services (NAS), which undisputedly exceeded 9 months of assessments.[2] *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellant contends that respondent failed to introduce evidence that the tender was delivered, but we disagree. Among other things, the record contains a runner slip showing that NAS received the tender.

19-43969

unpaid [common expense] assessments"). The tender of the defaulted superiority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 607-11, 427 P.3d at 118-21.

Appellant also contends that the tender was ineffective because it imposed conditions, but we recently rejected similar arguments.[3] *Id.* Accordingly, the district court correctly determined that the foreclosure sale did not extinguish the first deed of trust. Although the district court invalidated the sale altogether instead of ruling that appellant took title subject to the deed of trust, neither party has argued on appeal that doing so was improper. We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Parraguirre                           Douglas

---

[3]To the extent appellant contends the tender letter contained a misstatement of the law, appellant did not coherently raise that argument in district court to sufficiently preserve it for appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Regardless, because the record contains no evidence that maintenance or nuisance abatement costs had been incurred at the time the tender was made, the purported misstatement of the law was irrelevant, and the tender exceeding 9 months of assessments was sufficient to cure the default as to the superiority portion of the HOA's lien. *Cf. Prop. Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superiority default).

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cc: Hon. Adriana Escobar, District Judge
Hong & Hong
Akerman LLP/Las Vegas
Eighth District Court Clerk